IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Jeremy R. Phillips, #325588,    )
    )    C.A. No. 6:15-2458-HMH-KFM
    Petitioner,    )
    )
vs.    )    **OPINION & ORDER**
    )
Warden Scott Lewis,[1]    )
    )
    Respondent.    )

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[2] Jeremy R. Phillips ("Phillips") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge McDonald recommends granting the Respondent's motion for summary judgment and denying Phillips' petition.

---

[1] When Phillips filed the instant action, he was incarcerated at Kirkland Correctional Institution ("Kirkland") and Bernard McKie, warden of Kirkland, was the proper named Respondent. On January 5, 2016, Phillips was transferred to Perry Correctional Institution ("Perry"). As a result, Scott Lewis, warden of Perry, is the proper named Respondent in this case and is substituted as the Respondent.

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

# I. FACTUAL AND PROCEDURAL BACKGROUND

Phillips is currently incarcerated at the Perry Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In March 2007, Phillips was indicted in South Carolina state court for murder and first degree arson. (Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 789-90, 792-93), ECF No. 28-4.) After a jury trial, Phillips was found guilty on December 7, 2007. (Id. Ex. 3 (App. 597-98), ECF No. 28-3.) Phillips was sentenced to life imprisonment for murder and thirty years' imprisonment for arson, to be served concurrently. (Id. Ex. 3 (App. 601-02), ECF No. 28-3.)

Phillips appealed his convictions on December 13, 2007. (Id. Ex. 5, generally, ECF No. 28-5.) The South Carolina Court of Appeals affirmed Phillips' convictions on July 14, 2010. (Id. Ex. 8 (Court of Appeals Order), ECF No. 28-8.) On August 4, 2010, Phillips filed an application for post-conviction relief ("PCR") raising the following grounds in his application:

(1)    Counsel was ineffective for failing to investigate documentary evidence and witnesses in the case.

(2)    Counsel was ineffective for failing to call the State's key witnesses, Jesse Willis and Alberto Rodriguez to Direct Examination or Cross Examination.

(Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 604-11), ECF No. 28-4.) An evidentiary hearing was held on February 3, 2012. (Id. Ex. 4 (App. 617-749), ECF No. 28-4.) On May 17, 2012, the PCR court denied Phillips' PCR application. (Id. Ex. 4 (App. 777-88), ECF No. 28-4.) Phillips filed a petition for writ of certiorari with the South Carolina Supreme Court on May 22, 2012. (Id. Ex. 10 (Petition for Writ of Cert.), ECF No. 28-10.) On August 6, 2014,

2

the South Carolina Supreme Court denied the petition for writ of certiorari. (Id. Ex. 13

(Aug. 6, 2014 Order), ECF No. 28-13.)

Phillips, acting pro se, filed the instant federal petition for writ of habeas corpus on

June 16, 2015,[3] raising ineffective assistance of counsel claims. (§ 2254 Petition, ECF No. 1.)

On October 23, 2015, Respondent filed a motion for summary judgment. (Resp't Mot. Summ.

J., ECF No. 28.) On November 20, 2015, Phillips, through counsel,[4] filed an amended petition

and a memorandum in support of the amended petition alleging that counsel was ineffective in

failing to (1) understand the law, (2) investigate witnesses, (3) call certain witnesses at trial,

(4) understand the law and investigate a third party guilt defense, and (5) review physical

evidence with the petitioner prior to trial. (Phillips § 2254 Am. Pet., generally, ECF No. 33.)

Phillips responded to the motion for summary judgment on December 18, 2015. On July 11,

2016, Magistrate Judge McDonald issued a Report and Recommendation recommending

granting Respondent's motion for summary judgment and denying Phillips' petition. Phillips

timely filed objections on August 12, 2016. This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of

the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Phillips' counsel entered an appearance in this case on September 28, 2015.

3

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Phillips filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Phillips alleges several specific objections, arguing that the magistrate judge erred in (1) applying the wrong

5

standard of review, (2) finding that the PCR court reasonably concluded that trial counsel was credible, (3) finding that his ineffective assistance of counsel claims for failure to understand the law and investigate a third party defense are without merit, (4) finding that his ineffective assistance of counsel claim for failing to investigate witnesses is without merit, (5) finding that his ineffective assistance of counsel claim for failing to call certain witnesses is without merit, and (6) finding that his ineffective assistance of counsel claim for failing to review physical evidence with him before trial is procedurally barred.  (Objs., generally, ECF No. 49.)

### 1. Magistrate Judge's Application of Standard of Review

As an initial matter, Phillips objects that the magistrate judge applied the wrong standard of review for a § 2254 petition.  Phillips argues that the magistrate judge applied only the "contrary to" prong of § 2254(d) and failed to apply the "unreasonable application" prong. (Id. at 16-17, ECF No. 49).  The standard, set forth in § 2254 and quoted above, requires the court to determine whether the state court's determination was either contrary to or an unreasonable application of federal law.  After review, the court finds that the magistrate judge conducted both analyses, first by determining whether the PCR court's decision was contrary to existing precedent and then by conducting a factual analysis to determine whether there was an unreasonable application of federal law.  Therefore, Phillips' objection is without merit.

### 2. Ineffective Assistance of Counsel

### a. Failure to Investigate and Call Witnesses

Phillips objects that the magistrate judge erred in finding that the PCR court's determination that trial counsel's failure to investigate and call witnesses was based upon a valid trial strategy.  (Id. at 15-17, ECF No. 49.)  In order to successfully challenge a conviction

6

or sentence on the basis of ineffective assistance of counsel, Phillips must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Phillips must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Phillips first argues that trial counsel was deficient because counsel failed to investigate and call potentially exculpatory witnesses at trial, which Phillips argues deprived him of an adequate defense. (Objs. 25-26, ECF No. 49.) Phillips contends that counsel did not have a valid trial strategy because he failed to investigate or contact Jesse Willis, Phillips' co-defendant, who Phillips alleges confessed to several fellow inmates while incarcerated. (Id. at 19, ECF No. 49.) Similarly, Phillips alleges that trial counsel failed to contact or call to testify witnesses to Willis' alleged confessions. (Id., ECF No. 49.) Phillips argues that counsel's failure to contact these witnesses was not a valid trial strategy and the PCR court finding that it was a valid trial strategy is objectively unreasonable. (Id. at 17, ECF No. 49.) Further, the PCR court found trial counsel to be credible. (Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 785-86), ECF No. 28-4.)

"Decisions concerning what evidence to present are tactical decisions entitled to deference." Yaitsky v. United States, C.A. No. 2:04-cr-1097-PMD, 2008 WL 3845446, at *10 (D.S.C. Aug. 18, 2008) (unpublished). "Standing alone, unsuccessful trial tactics neither

7

constitute prejudice nor definitively prove ineffective professional assistance." Bell v. Evatt,

72 F.3d 421, 429 (4th Cir. 1995). "For a lawyer's trial performance to be deficient, his errors

must have been so serious that he was not functioning as the counsel guaranteed the defendant

by the Sixth Amendment." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (internal

citations and quotation marks omitted). In order to successfully challenge the PCR Court's

credibility determination, Phillips must demonstrate that the court made a stark and clear error.

Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008). "[F]ederal habeas courts [have] no

license to redetermine credibility of witnesses whose demeanor has been observed by the state

trial court, but not by them." Id. Mere disagreement with a state court's credibility

determination is not enough; rather, the federal court must determine that the state court's

determination was wrong and "unreasonable in light of the evidence presented." Merzbacher v.

Shearin, 706 F.3d 356, 367 (4th Cir. 2013).

Phillips submits that the PCR court's determination is the result of stark and clear error

due to inconsistencies between trial counsel's testimony during the PCR hearing and his

actions during Phillips' trial. (Objs. 18-19, ECF No. 49.) Phillips argues that trial counsel's

testimony that he did not investigate these witnesses because he abandoned a third party guilt

defense before trial is contradicted by counsel's attempt to admit Willis' alleged confessions to

other inmates into evidence during trial on the basis of third party guilt. (Id. at 19, ECF No.

49.) Additionally, Phillips argues that the PCR court provides no support for its finding that

trial counsel was credible. (Id. at 17-18, ECF No. 49.) The court disagrees. In regard to

counsel's trial strategy, the PCR court explained:

8

Trial counsel, possessing experience in trying a dozen homicides over his career, articulated a valid reason and valid trial strategy for not calling the co-defendant Willis as a witness. Calling co-defendant Willis would have been fraught with risks, not the least of which would have been testimony consistent with an earlier statement implicating Applicant. Calling the other witnesses who had supposedly overheard Willis admitting to the homicide would have required Willis being called first and Willis asserting his 5th amendment rights in order to render him unavailable. Again, such a prerequisite was inherently risky, and Counsel was not deficient for failing to call Willis as a witness. . . . Additionally, this Court did not find the testimony of any of the three additional witnesses to be credible, which further supports this Court's opinion that Counsel utilized a proper trial strategy in not calling these many witnesses from the Detention Center in an attempt to cast blame fully upon Jesse Willis.

(Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 785-86), ECF No. 28-4 (internal citations omitted).) Additionally, the PCR court had the opportunity to view the witnesses and was able to make determinations based upon their conduct during the proceeding. (Id. Ex. 4 (App. 785), ECF No. 28-4.) Upon review, the court finds that Phillips has not demonstrated that the PCR court made a stark and clear error in finding trial counsel credible.

### b. Misunderstanding the Law

Next, Phillips argues that, even if trial counsel is credible, counsel's strategy was deficient because it was due to his misunderstanding of the law. (Objs. 20, ECF No. 49.) Phillips argues that trial counsel misunderstood the rules on hearsay and admissibility of evidence of third party guilt, such that counsel's trial strategy was deficient and not entitled to deference. (Id. at 20-29, ECF No. 49.) Phillips argues that, but for trial counsel's misunderstanding, trial counsel would have admitted Willis' alleged statements and pursued this defense. (Id., ECF No. 49.)

While Phillips' argument addresses how trial counsel could have admitted Willis' alleged statements, it fails to demonstrate that counsel's decision not to call Willis to testify or

9

pursue a third party guilt defense was objectively unreasonable. As the PCR court explained, calling Willis to testify was fraught with risks and potentially extremely damaging for Phillips' case. (Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 785-86), ECF No. 28-4.) The mere possibility that calling Willis to testify could have resulted in a favorable outcome for Phillips does not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. 668, 689 (1984) (internal quotations omitted). For similar reasons, Phillips has failed to demonstrate prejudice. Had trial counsel understood the law exactly as petitioner argues, counsel may still not have called Willis to testify. As the PCR court noted,

> Counsel testified that he would not have called Willis as a witness for several reasons, the first being that he was a co-defendant and was represented by counsel, the second being that he was listed as a State's witness and did not know until trial that he was not testifying against the Applicant, and finally, there was no way of knowing what he would say and whether or not he would blame it all on Applicant.

(Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 784), ECF No. 28-4.) Additionally, trial counsel testified he was aware that Willis had made multiple contradictory statements, including several where he claimed that both he and Phillips committed the crime. (Id. Ex. 4 (App. 783), ECF No. 28-4.) Trial counsel also testified that police investigators told him that they were instructed to not take any further statements from Willis because he was not considered credible. (Id. Ex. 4 (App. 783), ECF No. 28-4.) Trial counsel articulated valid reasons for not calling Willis, irrespective of the difficulty of admitting Willis' alleged confession.

Moreover, even had trial counsel called Willis and attempted to impeach him with evidence of his alleged confession, the result would likely have been the same. The PCR court heard testimony from several of the witnesses to Willis' alleged confessions and found that the witnesses were not credible. (Id. Ex. 4 (App. 786), ECF No. 28-4.) As a result, the PCR court found no prejudice for trial counsel's failure to call Willis or the witnesses to his alleged confession. (Id. Ex.4 (App. 786), ECF No. 28-4.)

Further, the evidence against Phillips was overwhelming. Two witnesses, Nakia Gossett and Hazel Willis, testified that they saw Phillips covered in blood. (Resp't Mem. Supp. Mot. Summ. J. Exs. 1-2 (App. 201, 261-62, 310, 340), ECF Nos. 28-1 & 28-2.) Hazel testified that Phillips threatened to kill her if she reported what she had observed. (Id. Ex. 2 (App. 264-265), ECF No. 28-2.) Further, Gossett testified that she saw Phillips in the trailer with Willis while the victim lay on the floor surrounded by blood. (Id. Ex. 2 (App. 310), ECF No. 28-2.) Gossett testified that she saw Phillips and Willis beating and kicking the victim and helped Phillips dispose of Willis' bloody clothes. (Id. Ex. 2 (App. 310), ECF No. 28-2.) Gossett also testified that Willis and Phillips decided to set fire to the victim's trailer and that she saw a fire in the trailer ten or fifteen minutes after that conversation. (Id. Ex. 2 (App. 314-15), ECF No. 28-2.) Gossett also testified that she saw Phillips and Willis run back from the victim's trailer and that she saw Phillips return to his trailer with a gas can. (Resp't Mem. Supp. Mot. Summ. J. Ex. 2 (App. 315), ECF No. 28-2.) Another witness, Shannon Powell, testified that Phillips told her that he assaulted the victim, poured gasoline on and in the victim's mouth, and lit a match. (Id. Ex. 2 (App. 398-99), ECF No. 28-2.) Based on the foregoing, Phillips has failed to demonstrate that trial counsel was constitutionally ineffective

11

or that he has been prejudiced.  The PCR court's decision on this issue was neither incorrect nor objectively unreasonable.

### c. Failing to Investigate and Contact Witnesses

Phillips next objects that trial counsel was deficient for failing to investigate and contact certain witnesses.  Phillips argues that Willis and the witnesses to his alleged inculpatory statements were potentially exculpatory and trial counsel's failure to investigate their statements was objectively unreasonable.  (Objs. 29-30, ECF No. 49.)  However, Phillips fails to provide evidence that he was prejudiced by trial counsel's failure to investigate or contact Willis or the witnesses to his alleged confession.  As discussed elsewhere, the PCR court made specific findings that calling Willis was "inherently risky" and "fraught with risks, not the least of which would have been testimony consistent with an earlier statement implicating Applicant."  (Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 786), ECF No. 28-4.) Similarly, the PCR court stated it "did not find the testimony of any of the three additional witnesses to be credible . . . ."  (Id. Ex. 2 (App. 786), ECF No. 28-4.)  Taken in conjunction with the other evidence against Phillips, including multiple eyewitness statements as discussed more fully above, Phillips has failed to establish any prejudice.  Therefore, Phillips' objection is without merit.

### d. Failing to Review Physical Evidence

Lastly, Phillips objects to the magistrate judge's finding that his ineffective assistance of counsel claim for failing to review physical evidence with him before trial is procedurally defaulted.  (Report & Recommendation 14, ECF No. 42.)  The magistrate judge also concluded that Phillips failed to establish cause and prejudice to excuse the default.  (Id., ECF No. 42.)

Absent a valid excuse, a state prisoner must first exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1). "In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires '[t]he ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'" Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal citation omitted) (quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)). Additionally, the same claim must be presented to all appropriate courts. George v. Angelone, 100 F.3d 353, 362 n.10 (4th Cir. 1996). If a claim has been presented to the highest court of the state on either direct or collateral review, regardless of whether the court actually addresses the issue, it is exhausted. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (per curiam). Procedural default may be excused only if Phillips "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Phillips contends that, construed liberally, this claim was encompassed in Phillips' argument that trial counsel failed to investigate favorable evidence. (Objs. 34-35, ECF No. 49.) However, even liberally construed, the court finds that this claim was not presented in Phillips' petition to the South Carolina Supreme Court.

Moreover, even if this claim was not procedurally defaulted, the magistrate judge concluded it is without merit. (Report & Recommendation 15, ECF No. 42.) Phillips objects, arguing that trial counsel's failure to show him the racing towel, which was found in Phillips'

13

trailer covered in the victim's blood, prior to trial prevented an effective cross-examination of several witnesses. (Objs. 35-36, ECF No. 49.) The PCR Court rejected this claim, explaining,

> This Court finds that Counsel was not ineffective for investigating the evidence in the case or for failing to ensure the Applicant had the opportunity to review the physical evidence obtained from the scene prior to trial. Counsel testified that he reviewed photos of the scene with the Applicant and discussed the items that the police removed from the home with the Applicant. Specifically, as it relates to the racing towel, this Court finds Counsel's testimony credible that even during trial, the Applicant did not indicate to Counsel that the towel was actually a towel from Hazel Willis' house. In fact, as the record reflects, the Applicant did not offer that as an explanation while he was testifying. This Court finds that even if Counsel had ensured the Applicant had the opportunity to review the physical evidence, the outcome of the trial would not have changed.

(Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 785), ECF No. 28-4.)

Phillips argues that counsel's ineffectiveness prejudiced him because by not showing him the towel, Phillips could not inform trial counsel that it was not his towel, but belonged to Hazel Willis. Phillips submits that he only discovered this fact after Hazel Willis' cross-examination. (Objs. 35-36, ECF No. 49.) Phillips further argues the PCR court erred in relying on his failure to mention the towel in his testimony because trial counsel did not ask him any questions about the towel. (Id., ECF No. 49.) However, this does not contradict the PCR court's conclusions about credibility, as trial counsel testified that Phillips did not tell him that the towel belonged to Hazel. (See Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (App. 784), ECF No. 28-4.) Additionally, as discussed elsewhere, there was overwhelming evidence of Phillips' guilt. Phillips cannot demonstrate that the PCR court's conclusions were unreasonable or misapplied federal law. Further, Phillips cannot demonstrate prejudice. Therefore, Phillips' claim is without merit.

14

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein. Based on the foregoing, the court grants Respondent's motion for summary judgment and dismisses Phillips' habeas petition with prejudice.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 29, is granted and Phillips' habeas petition is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Phillips has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It is further

**ORDERED** that the caption in this matter is amended to reflect the substitution of "Warden Scott Lewis" as Respondent. The Clerk of Court is directed to amend the caption in CM/ECF.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 26, 2016

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.